IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0873-09







THE STATE OF TEXAS


v.


MATTHEW RYAN DOBBS, Appellee





ON STATE'S PETITION FOR DISCRETIONARY REVIEW

FROM THE FIFTH COURT OF APPEALS

COLLIN COUNTY




 Price, J., delivered the opinion of the Court in which Keller, P.J., and
Meyers, Johnson, Keasler, Holcomb, and Cochran, JJ., joined. Womack and
Hervey, JJ., concurred in the result.


O P I N I O N


 While executing a lawful search of the appellee's residence pursuant to a warrant,
police officers in this cause came upon items in plain view that they lacked probable cause
to believe were connected to any crime. While still lawfully on the premises, however, they
conducted further investigation and determined that the items were stolen property, seizing
them accordingly. The Fifth Court of Appeals held, on the strength of this Court's opinion
in White v. State, (1) that the seizure violated the Fourth Amendment to the United States
Constitution because it had not been "immediately apparent" to the officers that the items
were stolen. (2) We granted the State's petition for discretionary review to re-examine our
holding in White. We now hold that, so long as probable cause to believe that items found
in plain view constitute contraband arises while police are still lawfully on the premises, and
any further investigation into the nature of those items does not entail an additional and
unjustified search of, or unduly prolonged police presence on, the premises, the seizure of
those items is permissible under the Fourth Amendment. We disavow White to the extent
that it is inconsistent with our present holding. 

FACTS AND PROCEDURAL POSTURE

 In the course of executing a search warrant for narcotics at 1608 Sherrye Lane in
Plano, police officers came upon two sets of golf clubs out in the middle of the floor of one
of the bedrooms. The clubs looked brand new. In a closet of the same room, the officers
discovered brand new golf shirts with a Los Rios Country Club logo embroidered on them. 
It is uncontested that at this time the officers lacked probable cause to believe that these items
were connected to any crime, but they were suspicious. The officers contacted dispatch to
inquire whether there had been any reports of recent burglaries, especially of a country club. 
They were informed by a burglary detective that the Los Rios Country Club had indeed
reported the theft of golf merchandise. The officers then made contact with the country club
to confirm the report and obtain a description of the stolen property. This description gave
the officers probable cause to believe that the items they had come across in plain view in the
bedroom were those that had been stolen from the country club. The officers then seized the
golf clubs and the golf shirts. The appellee was later charged with theft.

 The appellee filed a pre-trial motion to suppress these items as the product of an
unlawful search and seizure. He argued that, because the police officers did not have
probable cause to seize the items at the moment they discovered them in plain view in the
bedroom, it had not been "immediately apparent" to them that the items constituted stolen
goods. Relying on this Court's opinion in White, the appellee maintained that police may not
lawfully seize items in plain view if they must conduct some "further investigation" to
develop probable cause to believe the items constitute contraband. (3) The trial court agreed
with the appellee that White was controlling, and reluctantly granted the appellee's motion
to suppress. The State appealed, but the court of appeals also held that White controlled, and
affirmed the trial court's ruling.

 In White, following an altercation between two tenants, the apartment manager invited
police officers into White's apartment to inspect purported damage to the premises. While
in the apartment, the officers observed, inter alia, a backpack. Without disturbing it, the
officers were able to record a name and address from the backpack. They left the apartment
and, from the manager's apartment, telephoned the records and identification section of the
police department and were informed that the person named on the backpack had filed a
burglary complaint. A phone call to the complainant confirmed that several items the
officers had observed in White's apartment had been taken in the burglary, and they returned
to White's apartment and seized them.

 The court of appeals in this case expressly relied upon the following excerpt from our
opinion in White in holding that the seizure of the golf merchandise in this case was not
authorized under the plain view doctrine:

 It is well settled in this State that items in "plain view" may not be
seized if the officer does not have reason to believe that they are evidence, or
fruits of, or instrumentalities of a crime. [Citations omitted] That standard is
today expressly extended to searches conducted pursuant to the plain view
doctrine. In the case at bar, the record is devoid of any evidence that it was
"immediately apparent" to the inspecting officers that the property discovered 
was evidence of a crime. Thus, the officers lacked probable cause for further
investigation. Arizona v. Hicks, [480 U.S. 321 (1987)]. (4)


In effect, we held in White, on authority of Arizona v. Hicks, that when police officers lack
probable cause to believe items in plain view are contraband at the very instant they first see
them, they must have probable cause to conduct any further investigation specifically
designed to develop probable cause to authorize their seizure of those items. In its petition
for discretionary review, the State argues that White overextends the legitimate scope of
Fourth Amendment protection. We agree with the State's assessment.

ANALYSIS

 A police officer in a public place has the authority to seize anything he has probable
cause to believe constitutes contraband, without the necessity of a warrant. (5) A police officer
who is lawfully on private premises pursuant to a warrant (or some legitimate exception to
the Fourth Amendment requirement of a warrant) may also seize anything he discovers in
plain view on those premises if it is "immediately apparent" to him--that is to say, if he has
probable cause to believe--that it constitutes contraband, without the necessity of obtaining
a second warrant to justify the seizure. (6) Because such an officer is legitimately on the private
premises, and so long as he has not exceeded the authority granted him by the warrant or the
exigency that legitimizes his presence in the first place, he may seize any item in plain view
that probable cause tells him is contraband. He may seize this item, just as he would be
permitted to seize any item in public that it was "immediately apparent" to him was
contraband, without first obtaining a warrant.

 In this case, the police were legitimately on the private premises by virtue of a search
warrant authorizing them to look for and to seize illicit drugs, namely, marijuana and
cocaine. While executing this warrant, they came across the golf clubs and shirts in issue
here. The golf clubs sat in the middle of the floor in a room that the officers were permitted
to enter under the warrant, and the shirts lay on a shelf in a closet of the room that they were
permitted to search for the drugs specified in the warrant. These items were, therefore, in
plain view. The only question for the trial court at the appellee's motion to suppress hearing
was whether it was "immediately apparent" to the officers that these items were contraband
in contemplation of the Supreme Court's plain-view doctrine.

 Based on this Court's opinion in White, both the trial court and the court of appeals
held that it was not immediately apparent to the officers that these items were stolen. (7) And
indeed, it is undisputed on the record that, at the instant the officers came across the golf
clubs and the shirts, they lacked probable cause to believe these items were stolen. It was not
until after the officers, while remaining on the premises, conducted further investigation that
they developed probable cause. White construed the plain-view doctrine to require that, if
police officers do not instantly recognize an item in plain view to be contraband, then they
must have "probable cause for further investigation" to develop probable cause to believe
the item is contraband before they may seize it. (8) White cited Arizona v. Hicks for this
proposition. (9) Understandably, both the trial court and the court of appeals abided by our
holding in White in upholding that appellee's motion to suppress. (10)

 The State argues that White mistakenly relied on Hicks for the proposition that the
plain-view doctrine requires probable cause for further investigation whenever it is not
immediately apparent that items discovered in plain view are contraband. Only if that
investigation entails an additional search of the private premises beyond the scope of the
search already authorized by the warrant or exigency that originally justified the police
presence on the premises, the State maintains, should the officers be required to have
probable cause to look for probable cause to seize the plain-view items. Otherwise, the
investigation does not incrementally impinge upon any protected privacy or possessory
interest of the defendant.

 We agree. The further investigation that the officers undertook in this cause did not
involve any search of the premises that was not already authorized by the search warrant. So
the appellee's privacy interest was not compromised. Nor were the golf clubs and shirts
actually seized until after the officers, still legitimately on the premises, developed probable
cause to believe they were stolen, by conducting further investigation that did not involve an
unjustifiedly incremental search of the actual premises. So the appellee's possessory interest
was compromised--but legitimately so, even without an additional warrant. It does not serve
the interests of the Fourth Amendment to construe the "immediately apparent" aspect of the
plain-view doctrine to prohibit this kind of further investigation because it does not impact
either the privacy or the possessory rights of the defendant beyond the encroachment already
legitimized by the warrant. (11)

 To appreciate the sensibleness of this understanding of the plain-view doctrine,
suppose the facts were slightly altered. Suppose that at the instant the officers executing the
search warrant had originally come across the golf clubs and shirts, they had thought nothing
of it and conducted no further investigation of those items. Then suppose an officer in the
burglary division had called one of the searching officers to inform him to be on the lookout
for stolen golf clubs and shirts on the premises, describing them with particularity, because
of probable cause the burglary division had just developed, independently of the officers
executing the warrant, to believe these items were stolen. What was not "immediately"
apparent to the searching officers would now be readily apparent, while the officers are still
on the premises and legitimately conducting their search. They would now have probable
cause to seize the stolen items. Under these circumstances, it makes no more sense to require
an additional warrant to justify seizing the items than it would to require a warrant to seize
apparent contraband that is found in a public place. Moreover, it should make no difference
that the searching officers generated their own probable cause while still on the premises, so
long as their investigation did not entail any greater intrusion on the premises (from which
the defendant's privacy interest, after all, derives) than the intrusion already legitimately
underway. (12)

 The Supreme Court has construed "immediately apparent" to mean simply that the
viewing officers must have probable cause to believe an item in plain view is contraband
before seizing it. (13) So long as the probable cause to believe that items in plain view
constitute contraband arises while the police are still lawfully on the premises, and their
"further investigation" into the nature of those items does not entail an additional and
unjustified search of (i.e., a greater physical intrusion than originally justified), or presence
on (i.e., a longer intrusion than originally justified), the premises, we see no basis to declare
a Fourth Amendment violation. Supreme Court precedent does not dictate that we construe
"immediately apparent" necessarily to mean "quickly apparent." Rather, "immediately
apparent" in this context means without the necessity of any further search. (14)

 To the extent that we broadly held in White that Hicks requires probable cause to
justify any "further investigation" to develop probable cause to seize items in plain view, we
now expressly disavow it. Although we believe that the Court reached the correct result in
White, (15) we erred to announce categorically that the officers there needed "probable cause
for further investigation." (16) Unless it involves a greater search of the premises than that
which is initially authorized, or in some other manner invades a legitimate privacy interest, (17)
a "further investigation" of the kind that occurred both in White and in this case need not
itself be justified by probable cause before it can permissibly supply the probable cause to
support a plain-view seizure of contraband.

CONCLUSION

 Without faulting the court of appeals for following precedent, we nevertheless reverse
its judgment upholding the appellee's motion to suppress and remand the cause to the trial
court for further proceedings not inconsistent with this opinion.


DELIVERED: October 20, 2010

PUBLISH
1. 729 S.W.2d 737 (Tex. Crim. App. 1987).
2. State v. Dobbs, No. 05-08-00840-CR, 2009 WL 692681 (Tex. App.--Dallas, delivered March
18, 2009).
3. White v. State, supra, at 741.
4. State v. Dobbs, supra, slip op. at *4, quoting White v. State, supra, at 741.
5. Texas v. Brown, 460 U.S. 730, 738 (1983) (plurality opinion); Arizona v. Hicks, 480 U.S. 321,
326-27 (1987).
6. E.g., Minnesota v. Dickerson, 508 U.S. 366, 375 (1993).
7. State v. Dobbs, supra, slip op. at *5.
8. 729 S.W.2d at 741.
9. 480 U.S. 321 (1987).
10. State v. Dobbs, supra.
11. An investigation that does not impinge upon a defendant's legitimate privacy or possessory
interest does not implicate Fourth Amendment protections. E.g., Illinois v. Caballes, 543 U.S. 405
(2005) (canine alert for narcotics in trunk of car during the course of legitimate traffic stop (i.e., not
extended beyond scope of original justification for the stop) does not violate Fourth Amendment
because it reveals only the presence of contraband and therefore does not impinge upon any legitimate
expectation of privacy).
12. Suppose, on the other hand, that the search of the premises had been expanded, not physically,
but temporally, beyond the time it should reasonably have taken for the officers to execute the warrant,
because of their ancillary investigation into the status of the golf clubs and shirts. Such a scenario
might well have constituted an unjustified invasion of the appellee's privacy interest, invoking the
Fourth Amendment's exclusionary rule. But the trial court expressly found that no such temporal
expansion of the warranted search occurred. The judge explicitly stated on the record:


 There is nothing in the record . . . that leads this trial judge to believe that the
Plano Police Department was intentionally or otherwise inappropriately taking their
time or stalling or whatever verb you want to use, merely as a pretext to give them the
opportunity to further investigate. I don't believe that and there's nothing credible that
raises that issue.


Our independent review of the record bears out this finding, and the appellee does not challenge it.
13. E.g., Minnesota v. Dickerson, supra, at 375 ("If . . . the police lack probable cause to believe
that an object in plain view is contraband without some further search of the object--i.e., if its
incriminating character is not immediately apparent--the plain view doctrine cannot justify its
seizure.") (internal citations omitted).
14. Historically, the first sense in which the word "immediate" was used in English was to denote
a causational rather than a temporal relationship. See Webster's Third International Dictionary
of the English Language, Unabridged 1129 (2002) ("1 a: acting or being without the intervention
of another object, cause, or agency: DIRECT, PROXIMATE the ~ cause of death"). We think this
is the sense in which the Supreme Court almost certainly intended that the phrase "immediately
apparent" should be understood in the context of its plain-view jurisprudence, viz., that the character
of the item as evidence or contraband be apparent without the intervention of any additional invasion
of a privacy or possessory interest.
15. The police in White were invited into the apartment by the manager to inspect purported
damage after a fracas. Finding no such damage, they nevertheless tarried in the apartment to conduct
what was essentially an exploratory search. Without yet having generated probable cause to seize
anything, they exited the apartment but continued their investigation. Only after they left did they
establish probable cause to believe certain items they had viewed in the apartment were stolen. Not
only did their initial search of the apartment exceed the original justification for entering it, they
actually left the apartment before obtaining probable cause. Under these circumstances, they should
have obtained a warrant before re-entering the apartment and seizing the stolen items.
16. 729 S.W.2d at 741.
17. See note 12, ante.